IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONCEPCION B RUIZ, PRISCILLA SANCHEZ, | § § § | |
| *Plaintiffs,* | § § | SA-19-CV-01191-DAE |
| vs. | § § | |
| MINH TRUCKING, LLC, NGUYEN LY NGOC, | § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Unopposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services under Texas Civil Practice and Remedies Code § 18.001 [#48], which was referred to the undersigned for disposition on August 18, 2020.  By her motion, Plaintiff Concepcion B. Ruiz asks the Court for leave to file affidavits concerning the reasonableness of costs and the necessity of her medical care and expenses pursuant to Section 18.001 of the Texas Civil Practices and Remedies Code. Defendants do not oppose the motion.

In Texas state court, a plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code.  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018).  Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was

> necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).  Texas courts have recognized that section 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses." *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

Generally speaking, federal courts are to apply state substantive law and federal procedural law in diversity cases. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Federal district courts are split, however, as to whether Section 18.001 is a procedural or substantive provision of state law for purposes of the *Erie* doctrine.  *Compare Akpan*, 2018 WL 398229, at *3 (Section 18.001 is procedural rule inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (Section 18.001 is substantive provision of Texas law applicable in diversity cases) (collecting cases).  This split has persisted despite a characterization of Section 18.001 as "purely procedural" by the Texas Supreme Court in *Haygood v. De Escabedo*, 356 S.W.3d 390, 397–98 (Tex. 2011).

The undersigned has previously granted unopposed motions for the use of Section 18.001 in a diversity action based on the parties' agreement.  *See, e.g.*, *Stokes v. Chan*, SA-17-CV-318-FB-ESC (Apr. 11, 2018) (dkt. 42) (Apr. 24, 2018) (dkt. 44).  The Court will similarly grant Plaintiff's motion in light of the parties' agreement that the affidavits attached to Plaintiff's motion should be considered as evidence of the reasonableness and necessity of Plaintiff's medical expenses allegedly incurred as a result of the personal injuries underlying this litigation.

**IT IS THEREFORE ORDERED** that is Plaintiff's Unopposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services under Texas Civil Practice and Remedies Code § 18.001 [#48] is **GRANTED**.

**IT IS FURTHER ORDERED** that all billing affidavits attached to Plaintiff's motion [#48-1] are hereby **ACCEPTED** and **DEEMED** as filed in this case.

**IT IS FINALLY ORDERED** that Plaintiffs may file any additional Section 18.001 affidavits by the deadline for completing discovery in this case.

SIGNED this 24th day of August, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE