IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CONCEPCION B RUIZ, PRISCILLA SANCHEZ,<br><br>*Plaintiffs,*<br><br>vs.<br><br>MINH TRUCKING, LLC, NGUYEN LY NGOC,<br><br>*Defendants.* | SA-19-CV-01191-DAE |

# ORDER

Before the Court in the above-styled cause of action are the following five motions, which were referred to the undersigned for disposition: Plaintiff's Motion to Strike or Limit the Expert Opinions of Dr. Joseph Ghitis [#59]; Defendants' Motion to Exclude and Limit the Expert Testimony of Dr. Christine Vidouria [#60]; Plaintiff's Motion to Exclude, or Alternatively, Limit the Expert Opinions of Mr. Irmo Marini [#62]; Plaintiff's Motion to Strike Defendants' Untimely Response to Plaintiff's Motion to Strike Testimony of Dr. Joseph Ghitis [#67]; and Defendant's Motion for Leave to File Response to Motion to Strike Dr. Joseph Ghitis [#70]. The Court held a hearing on the motions on October 21, 2020, at which Plaintiff and Defendants appeared through counsel. After considering the motions, the responses on file [#63, #65, #66], the arguments of counsel at the hearing, the record, and the governing law, the Court issued certain oral rulings, which is now memorialized with this written order.

## I. Background

This personal injury action arises out of a motor-vehicle collision between a vehicle operated by Plaintiff Concepcion B. Ruiz and an 18-wheeler operated by Defendant Nguyen Ly Ngoc and owned by Minh Trucking, LLC (together, "Defendants"). Plaintiff Priscilla Sanchez

joined the action on behalf of herself and her minor children, who were in the backseat of Plaintiff Ruiz's vehicle during the accident. Plaintiffs originally filed this action in state court, and Defendants removed the Original Petition based on diversity jurisdiction. The Second Amended Complaint [#32] is the live pleading before the Court and alleges various theories of negligence under Texas law against Defendants for injuries suffered by Plaintiffs.

In her motions, Plaintiff Ruiz (hereinafter, "Plaintiff") seeks to limit the testimony of two experts designated by Defendants: (1) Dr. Joseph Ghitis, a board-certified neuroradiologist designated to testify about Plaintiff's MRI films, and (2) Irmo Marini, Ph.D, a vocational expert designated to testify about Plaintiff 's Life Care Plan. Defendants challenge one expert designated by Plaintiff: Dr. Christine Vidouria, a board-certified physiatrist and certified life care planner who authored a Life Care Plan on Plaintiff's future medical care and costs.

There are two other motions currently before the undersigned. In the first motion [#65], Plaintiff requests that the Court strike Defendant's response to their Motion to Strike Dr. Ghitis's testimony because the response was filed after the deadline provided in the Local Rules. In the other motion [#70], Defendant requests leave to file this late response.

## II. Legal Standard for Admissibility of Expert Opinions

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), the Supreme Court held that trial judges must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Subsequent to *Daubert*, Rule 702 of the Federal Rules of Evidence was amended to provide that a witness "qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *See Guy v. Crown Equipment Corp.*,

394 F.3d 320, 325 (5th Cir. 2004) (quoting Fed. R. Evid. 702). The Rule 702 and *Daubert* analysis applies to all proposed expert testimony, including nonscientific "technical analysis" and other "specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). The overarching focus of a *Daubert* inquiry is the "validity and thus evidentiary relevance and reliability of the principles that underlie a proposed submission." *Watkins*, 121 F.3d at 989 (quoting *Daubert*, 509 U.S. at 594–96). Because the *Daubert* test focuses on the underlying theory upon which the opinion is based, the proponent of expert testimony need not prove the expert's testimony is correct, but rather that the testimony is reliable. *Moore*, 151 F.3d at 276. This determination of reliability includes a preliminary determination of "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93.

*Daubert* sets forth four specific factors that the trial court should ordinarily apply when considering the reliability of scientific evidence: (1) whether the technique can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether there is a known or potential rate of error; and (4) whether the relevant scientific community generally accepts the technique. *Id.* This test of reliability, however, is "flexible," and these factors "neither necessarily nor exclusively apply to all experts or in every case." *Kumho Tire Co.*, 526 U.S. at 141. "Rather, the law grants a district court the same broad latitude when it decides how

to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 142. "The proponent need not prove that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore*, 151 F.3d at 276.

Notwithstanding the testing of an expert's qualification, reliability, and admissibility, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Id.* (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III. Analysis

**A.     Dr. Ghitis**

Plaintiff seeks to limit Dr. Ghitis's testimony regarding causation of Plaintiff's injuries and argues: (1) he is not qualified to opine regarding causation of Plaintiff's symptoms; (2) his opinion regarding causation, which uses a specific definition of "traumatic injury," is likely to confuse the jury; and (3) he is not qualified to offer "clinical" medical opinions. None of these arguments have merit.

As was addressed in more detail during the hearing, Dr. Ghitis is expected to testify at trial that his opinion is that Plaintiff's MRIs do not provide evidence of a traumatic injury.   But he is **_not_** going to testify as to what **_is,_** in his opinion, causing Plaintiff's reported pain symptoms or whether Plaintiff is in fact experiencing the pain she reports. Thus, the case law Plaintiff cites regarding the need for a differential diagnosis to establish what caused a particular injury is

inapposite. Dr. Ghitis is qualified in his field as he is board-certified by the American Board of Radiology and Neuroradiology, and he has years of experience interpreting radiological evidence and diagnosing traumatic injuries at several "Level 1" trauma centers. The issues raised by Plaintiff are matters more appropriately handled through cross examination at trial. This ruling is without prejudice to Plaintiff's reurging her objections at trial or in a motion in limine seeking to limit Dr. Ghitis's testimony.

**B.     Dr. Vidouria**

Defendants seek to limit Dr. Vidouria from testifying about certain opinions regarding Plaintiff's future medical costs and life expectancy, arguing: (1) Plaintiff's projected future medical costs improperly include the costs of a pain medication that has never been taken by or prescribed to Plaintiff by her medical providers, who have indicated surgery as the appropriate course of treatment; (2) her life expectancy calculation improperly relied on life expectancy tables that include everyone rather than life expectancy tables specific to tobacco users; (3) and her medical cost projections used improper calculation methods. Again, these are issues to be raised on cross examination, and do not warrant a pretrial ruling limiting Dr. Vidouria's testimony.

Dr. Vidouria is qualified to craft Plaintiff's life care plan: she is double board-certified in Physical Medicine and Rehabilitation and has a board certification in Pain Medicine. In terms of the reliability of her opinions and methodology, she consulted Plaintiff's medical record and physically examined her. Dr. Vidouria clearly lays out her methodology, utilizing a methodology approved by the American Academy of Physician Life Care Planners. To the extent that Defendants have identified deficiencies with certain aspects of Dr. Vidouria's methodology or conclusions, Defendants may establish that through vigorous cross examination.

The Court's ruling on this motion is also without prejudice to raising such objections before the District Court at trial or in a motion in limine.

**C.     Mr. Marini, Ph. D**

Plaintiff contends that Mr. Marini should be prevented from testifying about the need for and cost of Plaintiff's medical care because: (1) he conducted no independent analysis, and his opinion is hearsay; and (2) he relies exclusively on and essentially parrots Dr. Garza's opinion. Defendants at the hearing and in an Advisory [#71] have clarified that they do not intend to elicit this testimony from Mr. Marini at trial.  Defendants retained Mr. Mirani to opine about the methodology used by Plaintiff's expert in developing a life care plan.  At the hearing, the parties agreed to confer and file a joint stipulation about the scope of Mr. Marini's testimony.  The parties do not dispute that this motion is moot and should be dismissed based on parties' agreement to enter a stipulation.

**D.     Defendants' Untimely Response**

Plaintiff argues that Defendants' Response to Plaintiff's Motion to Strike Dr. Ghitis's testimony should be dismissed by the Court because it was filed 30 days after Plaintiff's Motion to Strike was filed.   Under the Court's Local Rules, the "response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion.  If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." WD-TX Local Rule CV-7 (d)(e).  Thus, Defendants' response is untimely, and the Court does have discretion to grant the motion as unopposed.  But here, the untimeliness of Defendants' response, which was filed several days before the hearing, does not prejudice Plaintiff. Thus, Defendants' request for leave is granted and Plaintiff's motion to strike is denied.

In accordance with the foregoing, for the above reasons and the reasons stated on the record during the hearing:

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike or Limit the Expert Opinions of Dr. Joseph Ghitis [#59] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Opposed Motion to Exclude and Limit the Expert Testimony of Dr. Christine Vidouria [#60] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude, or Alternatively, Limit the Expert Opinions of Mr. Irmo Marini [#62] is **DIMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Untimely Response to Plaintiff's Motion to Strike Testimony of Dr. Joseph Ghitis [#67] is **DENIED.**

**IT IS FINALLY ORDERED** that Defendants' Motion for Leave to File Response to Motion to Strike Dr. Joseph Ghitis [#70] is **GRANTED.**

SIGNED this 23rd day of October, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE